7UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| EDDIE JOSEPH RICHARD DOC#87240 | CIVIL ACTION NO. 06-851-LC |
|---|---|
| VS. | SECTION "P" |
| GOVERNOR KATHLEEN BLANCO, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff Eddie Richard's *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on May 22, 2006. Plaintiff, an inmate in the custody of the Louisiana Department of Corrections (LDOC), is confined at C. Paul Phelps Correctional Center (CPP) in DeQuincy, Louisiana and complains of conditions of confinement at that institution. Plaintiff names the following as defendants herein: Governor Kathleen Blanco; DOC Secretary Richard Stalder; CPP Warden Henderson, CPP Assistant Warden Phresoff; CPP nursing director Desrie; CPP assistant nursing director Robush; CPP nurses Aubin, Frank, Borderlon, Pierce; and dentist Shirley.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

**STATEMENT OF THE CASE**

Plaintiff arrived at CPP on April 10, 2006. Shortly thereafter, plaintiff claims that the defendants began to ignore his medical complaints. More specifically, plaintiff states that he has been denied dental care and that his posture-fitted corrective wheelchair and wrist brace were

taken away.  Plaintiff also alleges that CPP is not in compliance with the Americans with Disabilities Act (ADA) in several areas of the facility, including living, working, sleeping, dining, and shower accommodations.

As a result of the above, plaintiff seeks damages in the amount of $300,000.00; punitive damages; transfer from CPP to a facility that is ADA compliant; return of his posture-fitted corrective wheelchair; medical and dental treatment at LSU medical center in Shreveport; a five (5) year probation period for CPP with frequent ADA inspections; and, compliance with all ADA accessibility requirements.

## LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA).  As amended, §1997e(a) makes the exhaustion requirement **mandatory** in prison conditions cases. Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions **under section 1983 of this title or any other Federal law**, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. (Emphasis added).

The claims asserted by plaintiff herein, including his ADA claims, certainly relate to prison conditions and are exactly the type of matters that can best be resolved by the prison officials without resort to judicial action.  Thus, it is imperative to note that with respect to his claims, plaintiff admits that he failed to exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. §1997e(a).   Plaintiff is obviously aware of the administrative remedy procedure at CPP since he acknowledged the existence of such procedures in his complaint.

[Doc. 1, p. 3]. Yet, by his own admission, plaintiff clearly did not even attempt to resolve his grievance by properly utilizing the administrative remedy procedure available through both CPP and the LDOC before filing this suit.

Under current law, plaintiff must exhaust the administrative remedy procedure before proceeding herein. The statute provides for no exceptions.[1] The statute precludes any further action on these claims until plaintiff has fully exhausted the administrative remedy procedure. See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the action is pending..." "[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998)(dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Accordingly,

---

[1] See *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002), and *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). While these cases did not specifically address the issue of imminent danger, there does not appear to be any precedence in this circuit to support a finding that excuses a plaintiff from exhausting administrative remedies due to allegations of imminent harm. Holdings in other circuits confirm that a plaintiff's assertion that he was not required to exhaust his administrative remedies because he faced a risk of immediate harm is without merit as the PLRA does not provide for such excuse from exhaustion. See *Arbuckle v. Bouchard* (unpublished), 92 Fed.Appx. 289, 291, 2004 WL 542170 (6th Cir. (Mich.)) 2004; See also the opinion and order in *Rivera v. Pataki*, 2003 WL 21511939 (S.D.N.Y. 2003).

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available administrative remedies prior to the filing of suit as mandated by 42 U.S.C. §1997e.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 25, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE